THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ORDER #2
March 31, 2021

**CHIEF JUDGE JONES' STANDARD PRACTICE ORDER**

The practice and procedure in the above civil case shall be in accordance with the Federal Rules of Civil Procedure and the Rules of Court of the Middle District of Pennsylvania, except as modified by this Order and other Orders of this court.

**TABLE OF CONTENTS**

1. Motions and Briefs

2. Discovery

3. Counsel Fees and Expenses

4. Pro Se Parties

5. Captions

6. Proposed Findings of Fact and Conclusions of Law

7. Conflict with Rules of Court or Prior Order

8. Alternative Dispute Resolution

1. Motions.

    1.1    Concurrence by Opposing Counsel.  If counsel for a party cannot be reached by counsel for the movant at the time a motion is filed, the movant's counsel shall so certify and thereafter shall have a continuing duty to file a

certification as to concurrence or non-concurrence within a reasonable time after counsel can be reached with due diligence. Concurrence in motions to extend time shall not obviate the need for the movant to set forth in the motion the reasons why the motion for extension should be granted.

    1.2    <u>Multiple Motions.</u>  Except where alternative motions are filed, no more than one motion shall be under one cover.

    1.3    <u>One Motion, One Brief.</u>  Except where alternative motions are filed, a brief shall treat only one motion. No brief shall be filed both in support of a motion and in opposition to another motion.

    1.4    <u>Simultaneous Submissions of Supporting Briefs with Motions.</u>  A supporting brief and two copies thereof shall be filed with the motion in the following instances:

        1.41    If the motion is to shorten time; or

        1.42    If the motion seeks a protective order.

    1.5    <u>Reply Briefs.</u>  If the movant's counsel decides not to file a reply brief, such counsel shall promptly notify the Clerk of Court thereof by telephone so as to accelerate the ripeness of the motion.

    1.6    <u>Lengthy Briefs.</u>  Local Rule 7.8 provides in part that briefs shall each be

limited to 15 pages (or 5,000 words) unless specially authorized by the undersigned judge. This requirement will be strictly construed. No brief exceeding 15 pages shall be filed without prior authorization. Any motion for authorization of such a brief shall be filed at least two (2) business days before the brief is due.

      1.7    <u>Motions for Continuance.</u>  A motion for a continuance of discovery, dispositive motions cut-off date, pre-trial conference, or trial list shall include references to the date the complaint was filed and also to the trial list on which the case has been placed.

      1.8    <u>Citations to Unreported Cases.</u>  Cases cited in a party's brief which are not reported or available on Lexis or Westlaw shall be photocopied and submitted with the brief.

2.    <u>Discovery.</u>

      2.1    <u>Completion of Discovery.</u>  Completion of discovery by the date set by the Court requires that requests for admission, production, inspection, and the like, as well as interrogatories, be served sufficiently in advance of the completion date so that the respondent may use the full time allowed by law in responding before said completion date.

  2.2 <u>Discovery Disputes.</u> Judge Jones requires a telephonic conference before the filing of formal discovery motions. In the event a discovery dispute arises, counsel shall electronically file a letter on the docket apprising the Court of the general contours of the dispute. Upon receipt of the letter, the Court will schedule a conference call if deemed necessary. In any event, no motion to compel shall be filed by any party without the express permission of the Court.

  2.3 <u>Notice of Taking of Depositions.</u> A party desiring to take the deposition of any person upon oral examinations shall give at least 10 days notice in writing to every other party to the action. Any notice which does not comply with this requirement will be presumed unreasonable and a protective order will issue upon the written motion of any party which avers that less than ten (10) days notice in writing of the taking of an oral deposition has been given. Such a motion for a protective order need not be accompanied by a brief. A motion for protective order with respect to a proposed deposition on grounds other than inadequate notice together with a brief in support thereof shall both be filed at least seven (7) days prior to the deposition or immediately the grounds thereof become known, whichever shall last occur, except for good cause shown. Any party opposing such motion for a protective order shall file a responsive brief, together with any supporting documents, within three days after service of the movant's brief or shall be deemed not to oppose such motion. The Court may act on the motion before receiving a responsive brief.

      2.4    <u>Briefs Relating to Interrogatories.</u>  All briefs in support of or in response to motions to compel answers to interrogatories shall discuss each interrogatory separately. The text of the interrogatory and the answer to it, if any, shall immediately precede the discussion concerning the interrogatory. Although each interrogatory shall be separately discussed, prior arguments made in the brief may be incorporated by reference into the discussion of subsequent interrogatories. Briefing with references to requests for admissions shall follow this same pattern. However, as noted in ¶ 2.2 above, counsel must receive permission from the Court prior to the filing of any motion to compel.

3.    <u>Counsel Fees and Expenses.</u>  Motions for counsel fees and expenses shall be based upon time records concurrently kept.

4.    <u>Pro Se Parties.</u>  Any party who is not represented by counsel shall have all the duties that would normally be placed upon his or her counsel by the Local Rules, this order, and other orders of this court.

5.    <u>Captions.</u>  All captions shall contain the date of filing of the complaint or other initial document and in accordance with Local Rule 5.3, the name of the presiding judge, and the docket number.

6.    <u>Proposed Findings of Fact and Conclusions of Law.</u>  In any matters in which facts are to be found by the Court, counsel shall file proposed findings of fact and conclusions of law, indexed to the transcript of the proceedings, within a time

specified by Order of this Court.  Proposed findings of fact shall be divided into paragraphs with only one fact allocated to each paragraph.

7.      Conflicts with Rules of Court or Prior Order.   Should any provision of this Order conflict with any rule of the United States District Court for the Middle District of Pennsylvania, or any standing order of this Court or District, such conflicting provision of this Order shall control and the rule of Court or standing order shall be suspended to the extent that it conflicts with this Order. If any provisions of the order conflicts with a prior order in a particular case, such prior order shall be revoked to the extent of such conflict. The authority for this provision is contained in Local Rule 16.5.

8.      Alternative Dispute Resolution.  Several forms of alternative dispute resolution are available to the parties through the Court.  The dispute may be referred to mediation through the court-annexed mediation program.  *See* Local Rule 16.8.  More information on that program and a list of certified mediators is available on the Court's website at http://www.pamd.uscourts.gov/docs/mediat.htm.  The assistance of a United States Magistrate Judge or other judicial officer or neutral evaluator may also be requested for purposes of conducting a settlement conference through the Court's settlement officer program. *See* Local Rule 16.9.  The parties may also agree to participate in a summary jury trial.  In limited cases, the Court itself is also available to conduct a settlement conference. Should the parties jointly agree to employ any of

these forms of alternative dispute resolution, they shall so notify the Court by letter filed on the docket no later than the date of the pretrial conference.

                                                  s/ John E Jones III
                                                  John E. Jones III, Chief Judge
                                                  United States District Court